**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry D. Russell, D.D.S., and Paulette Russell, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>Mountain Park Health Center Properties, LLC, an Arizona Limited Liability corporation L.L.C. doing business as Mountain Park Health Center; Sharon Bader, D.D.S., an individual,<br><br>Defendants. | No. CV 07-00875-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendant's Motion for Attorneys' Fees and Sanctions (Doc. 167). The Court heard oral argument on the motion on January 4, 2012 (Doc. 174). For the reasons stated below, the Court will grant the motion.

**I.     BACKGROUND**

This action was initiated on April 25, 2007 (Doc. 1). The Court granted Defendants' motion for summary judgment on all claims and entered judgment in favor of Defendants on July 3, 2008 (Docs. 55, 56). Plaintiffs appealed the decision, and the Ninth Circuit affirmed in part and reversed as to the grant of summary judgment on Plaintiffs' "wrongful termination claims under Title VII, the ADEA, and 42 U.S.C. § 1981" and Plaintiffs' claims under the Family and Medical Leave Act, which were remanded for further proceedings (Doc. 69). The Court set a pretrial conference for

February 25, 2011 (Doc.70). In that order, the Court also set several deadlines for the submission of proposed pretrial documents (*Id.*).

From this point forward, Plaintiffs delayed the litigation in several respects. Two days before the deadlines for filing the joint proposed final pretrial order, Plaintiffs filed a motion to continue the deadlines for the purpose of seeking additional discovery regarding damages (Doc. 77). Plaintiffs did not initiate drafting of the proposed final pretrial order or other joint pleadings; instead, Defendant drafted and submitted the pleadings, after requesting input from Plaintiffs and receiving none (Doc. 89). Plaintiffs filed a motion to strike Defendants' pretrial document submissions because they were not jointly submitted and requested additional time for conducting discovery regarding damages (Doc. 105). Defendants filed a motion to dismiss for lack of prosecution on February 9, 2011 (Doc. 107). The proposed exhibits submitted by Plaintiffs consisted of nearly 35,000 pages of documents with generalized titles (Doc. 167 at 4), although Plaintiffs ultimately only presented twenty-five pages of exhibits (Doc. 160).

The Court heard argument on the pending motions on February 25, 2011, and denied Plaintiffs' motions to continue and motion strike. At the time of the hearing, Plaintiffs had still not submitted any of their pretrial documents (Doc. 129). Plaintiffs' counsel indicated he needed additional time to prepare the documents in part because he had trouble communicating with his client. The Court admonished Plaintiffs that their complete failure to participate in the preparation of joint proposed pretrial documents was not justified, directed Plaintiffs to submit their pretrial documents to Defendants by March 7, 2011, continued the final pretrial conference to March 17, 2011, and set a firm trial date for April 26, 2011. After Plaintiffs failed to submit their pretrial documents to Defendants on March 7, Defendants filed a second motion to dismiss for lack of prosecution (Doc. 132). The Court set a status conference for March 10, 2011 (Doc. 133), at which time the Court again extended Plaintiffs deadlines, this time until March

25, 2011, and continued the final pretrial conference to April 13, 2011. The Court denied Plaintiffs' motions for dismissal and requests for attorney's fees related to the delays caused by Plaintiffs' repeated failure to comply with the scheduling order, but noted that Defendants' request for attorney's fees could be renewed at the end of the case (Doc. 137).

At the April 13 final pretrial conference, the Court noted that no instruction on damages had been submitted and ordered the parties to file a stipulated instruction, or separate proposed instructions, by April 15, 2011 (Doc. 143). The Court also inquired whether Plaintiffs were withdrawing their claims under 42 U.S.C. § 1981 since no instruction had been submitted on that issue. Plaintiffs' counsel indicated that withdrawing the § 1981 claim was "not [his] intent" and that he "thought he had" submitted an instruction on that claim. The Court also inquired whether an individual claim remained against Dr. Sharon Bader. Plaintiffs' counsel replied that there was a claim remaining under § 1981, but that he was not sure he wanted to pursue that. The Court suggested, and Plaintiffs' counsel agreed, that retaining Dr. Bader as an individual defendant added complexity to the case without increasing the ultimate damages award. Plaintiffs' counsel indicated that he likely would not keep Dr. Bader as an individual defendant, and requested until April 19, 2011 to notify the Court and Defendants as to whether Plaintiffs intended to pursue the § 1981 claims and keep Dr. Bader as an individual defendant (Doc. 143).

On April 20, 2011, Plaintiffs filed a motion to continue the trial because Dr. Russell's back pain would make it difficult for him to attend and participate in the trial (Doc. 144). The Court granted the motion (Doc. 145), and at a status conference on April 28, 2011, set a new trial date for August 9, 2011 (Doc. 147). At the status conference, Plaintiffs indicated that they stipulated to the proposed damages instruction submitted by Defendants; however, upon further inquiry by the Court, Plaintiffs made clear that they

wanted to submit an additional damages instruction because Plaintiffs' counsel had been "waylaid" and had failed to submit his proposed damages instruction by the Court's earlier deadline. The Court therefore ordered Plaintiffs to submit their proposed damages instruction by May 6, 2011 (*Id.*). Additionally, having failed to have notified the Court of Defendants as to Plaintiffs' intention regarding the § 1981 claim as required by the Court's April 13, 2011 order (Doc. 147), Defendants requested that the § 1981 claim be dismissed. Plaintiffs reiterated their position that the § 1981 claim was a meritorious separate claim that they intended to pursue, but could not elaborate on the basis for the claim or legal authority to support it. Although the Court restated that these issues were supposed to have been resolved in the preparation of the pretrial documents, the Court nonetheless gave Plaintiffs additional time to file a memorandum of law on the validity of the § 1981 claim (*Id.*). On May 13, 2011, Plaintiffs submitted their memorandum of law on § 1981 and indicated their intent to retain that claim (Doc. 149).

On Defendants' motion, the trial was continued from August 8, 2011 to August 25, 2011 (Doc. 154). In the morning of the first day of trial, the Court inquired whether Dr. Bader was still a Defendant. Plaintiffs could not immediately recall which cause of action they were pursuing against Dr. Bader, and eventually stated that the § 1981 claim was against Dr. Bader. When the Court questioned whether there was individual liability under § 1981, Plaintiffs withdrew the § 1981 claim against Dr. Bader and agreed to her dismissal from the action (Doc. 156). At trial, Plaintiffs focused their claims on the race discrimination claims and said nothing concerning the Family Medical Leave Act or age discrimination claims which were also remanded for trial. Defendant presented evidence that Dr. Russell had many complaints against him from other employees and patients, that Defendant hired and independent investigator to evaluate Dr. Russell's performance who confirmed that Dr. Russell's work fell below the acceptable standard of dental care, and that Dr. Russell's termination was not discriminatorily motivated. Further,

Defendant presented uncontroverted evidence that Dr. Russell lied in his application for employment with Defendant by failing to disclose that he had been terminated by his previous employer due to similar complaints from co-workers and patients.

On August 30, 2011, the jury returned a verdict in favor of Defendant (Doc. 158) and the Clerk entered judgment for Defendant and against Plaintiffs on August 31, 2011 (Doc. 159). On September 13, 2011, Defendant filed the currently pending motion for attorney's fees and sanctions (Doc. 167).

## II. ANALYSIS

Defendant requests $50,000 in attorney's fees under 42 U.S.C. § 1988 and $15,200 in sanctions under Fed. R. Civ. P. 12(f)(2) for Plaintiffs' failure to comply with the Court's scheduling order, missing various deadlines, and pursuing claims in bad faith.

### A. Attorney's Fees

Under 42 U.S.C. § 1988, the prevailing party in certain types of civil rights cases may be awarded reasonable attorney's fees. *See Fox v. Vice*, 131 S. Ct. 2205, 2213 (2011). While most decisions under § 1988 concern "the grant of fees to prevailing plaintiffs," § 1988 also authorizes a fee award to a prevailing defendant in order to "protect defendants from burdensome litigation having no legal or factual basis." *Id.* (quoting *Christiansburg Garment Co. v. Equal Employ. Opp. Comm.*, 434 U.S. 412, 416 (1978)). "Accordingly, § 1988 authorizes a district court to award attorney's fees to a defendant 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Id.* Where litigation involved both frivolous and non-frivolous claims, a defendant may still seek an award of fees incurred because of the frivolous claims. *See id.* at 2214. (noting that "the presence of reasonable allegations in a suit does not immunize the plaintiff against paying for the fees that his frivolous claims imposed"). However, a defendant may only receive "the portion of his fees that he would not have paid *but for* the frivolous claim." *Id.* at 2215 (emphasis added).

Defendant claims that all of Plaintiffs' claims were frivolous because discovery established Defendant had legitimate, non-discriminatory basis for terminating Plaintiffs' employment. Defendant further claims that Plaintiffs' claims under § 1981 and against Dr. Bader were pursued in bad faith: Plaintiffs were repeatedly unable to explain the basis for these claims and provide authority to support their position, even though they were given multiple opportunities over the course of the litigation to do so, and ultimately withdrew the § 1981 claim against Dr. Bader and dismissed her as a defendant on the first day of trial. The Court agrees and finds an award of attorney's fees appropriate.

At trial, overwhelming evidence was presented that Dr. Russell was extremely difficult to work with and had significant interpersonal problems: multiple complaints were lodged against him, by both co-workers and patients. Further, Defendant showed that Dr. Russell had lied in his employment application by failing to disclose that he had been terminated by his former employer for similar performance deficiencies. Finally, Defendant hired an independent investigator who confirmed Dr. Russell's work fell below the acceptable standard of dental care. While the racial discrimination claim may not have been advanced in bad faith, and could have been motivated by Plaintiffs' perception of innocuous facts, a fair reading of the record shows that the claim was frivolous. This is especially true considering the nature of Defendant's organization, the fact that Dr. Bader, who allegedly made the discriminatory remark to Dr. Russell, is herself a person of color, and that Dr. Russell's testimony was not credible and his allegation regarding Dr. Bader's purported discriminatory remark was directly contradicted. Further, Plaintiffs' claims under the Family Medical Leave Act and for age discrimination were not even addressed at trial; that fact, coupled with the lack of any evidence to support such claims, warrants a finding that these claims were not only frivolous, but likely advanced in bad faith.

Taking all these facts together, the Court concludes that Defendant is entitled to an award of attorney's fees. Defendant has presented its billing records for fees accrued in the district court showing total fees in excess of $200,000. Based on the ultimately frivolous nature of Plaintiffs' claims, and the fact that many of the claims were maintained in bad faith, an award of $50,000—only a fraction of the total fees expended—is reasonable.

### B. Sanctions

Rule 16(f) of the Federal Rules of Civil Procedure allows for an award of sanctions when a party "is substantially unprepared to participate—or does not participate in good faith—in the [pretrial conference]" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 16(f) states that the Court "must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." *Id.* "An award of sanctions under Fed. R. Civ. P. 16(f) is within the discretion of the district court." *Ayers v. City of Richmond*, 895 F.2d 1267, 1269 (9th Cir. 1990).

The Court finds sanctions are warranted in these circumstances. As set forth above, Plaintiffs repeatedly disregarded this Court's orders and missed multiple deadlines for filing pretrial documents. These delays were not substantially justified, as Plaintiffs' counsel repeatedly indicated that his failure to file documents as ordered was due to his clients' failure to communicate with him or simply because he was otherwise delayed. Nor were Plaintiffs' actions in refusing to either properly assert or dismiss its claims against Dr. Bader and under § 1981 until the opening of the trial or initially submitting voluminous and vague exhibits while ultimately only admitting twenty-five pages of documents at trial justified. These actions required Defendant to unnecessarily exert time and resources defending claims and parties that were not pursued in good faith.

Plaintiffs' response to Defendant's motion (Docs. 169, 172) shows no justification for the repeated disregard of this Court's orders. Therefore, the Court finds that an award of sanctions—representing the seventy-six hours of additional time spent reviewing and responding to Plaintiffs' extensive designated exhibits, initiating drafting of the pre-trial pleadings, responding to Plaintiffs' Motion to strike, briefing the § 1981 claim, and filing the motion for sanctions—is reasonable and appropriate.

IT IS THEREFORE ORDERED that Defendant's Motion for Attorneys' Fees and Sanctions (Doc. 167) is granted.

IT IS FURTHER ORDERED awarding attorney's fees in favor of Defendant and against Plaintiffs in the amount of $50,000 and sanctions in favor of Defendant and against Plaintiffs in the amount of $15,200, for a total of $65,200, plus interest from the date of judgment at the federal rate.

Dated this 6th day of February, 2012.

*/s/ Neil V. Wake*
Neil V. Wake
United States District Judge